***********
This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Phillips, along with the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the prior Opinion and Award. Accordingly, the Full Commission adopts and affirms the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing before the Deputy Commissioner on 30 October 2002 as:
 STIPULATIONS
1. It is stipulated that all parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and of the subject matter.
2. It is stipulated that all parties have been correctly designated and that there is no question as to the misjoinder or nonjoinder of parties.
3. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
4. An employer-employee relationship existed between the Plaintiff and Defendant on October 15, 2001.
5. AMCOMP is the carrier on the risk for Defendant-Employer at all relevant times herein.
6. The parties agree on the date of injury, Plaintiff's average weekly wage was $272.00 that yields a compensation rate of $180.67.
 *********** FINDINGS OF FACT
1. Plaintiff was employed by Defendant-Employer as a baker.
2. On October 15, 2001 Plaintiff sustained an injury by accident to her left upper arm when a rack of bread fell causing burns. The plaintiff sustained this injury by accident during the course and scope of her employment with Defendant-Employer.
3. The plaintiff was seen at Sisters of Mercy Urgent Care on October 17, 2001. Upon examination, the plaintiff was diagnosed with two second degree parallel, linear burns along her left upper arm. Plaintiff's wounds were cleaned and her arm was wrapped, and the plaintiff was prescribed vicodin for the pain.
4. The plaintiff continued to suffer extreme pain and the next day her arm had swollen considerably. She was placed on limited duty from October 19, 2001 through October 26, 2001.
5. The plaintiff presented to Sisters of Mercy Urgent for four appointments and her last follow-up visit with Sisters of Mercy was October 26, 2001.
6. The plaintiff reported back to Defendant-Employer in full duty capacity on October 26, 2001.
7. The plaintiff introduced into evidence without objection, photographs of the condition of her left upper arm taken a week after her bandages came off.
8. The Deputy Commissioner noted that the photograph showed two dark parallel burn scars to her left upper arm. The top scar approximately was four inches long and the bottom scar was approximately three inches long.
9. At the hearing in November 2002, a year after the plaintiff sustained her injury, the plaintiff presented her arm to the Deputy Commissioner in open court and the Deputy Commissioner noted two dark parallel burn scars on her left upper arm. The top scar was approximately four inches long and the bottom scar was approximately three inches long. It appeared to the Deputy Commissioner that the plaintiff's healed burns were worse in appearance than the photographs that were taken a week after her injury.
10. Based on her age, training, experience, education, occupation and adaptability to employment, the scars are embarrassing and repulsive and can reasonably be presumed to lessen her opportunity for remunerative employment.
11. The fair and equitable compensation for Plaintiff's disfigurement under the North Carolina Workers' Compensation Act is $2,200.
 ***********
The forgoing Stipulations and Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident while in the course and scope of her employment with Defendant-Employer. N.C.G.S. § 97-2(6)
2. As a result of her injury by accident giving rise to this claim, Plaintiff has sustained a serious bodily disfigurement for which she is entitled to compensation in the amount of $2,200. N.C.G.S. § 97-31
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay to Plaintiff $2,200 in a lump sum, that amount representing a fair and equitable compensation for a serious bodily disfigurement which Plaintiff sustained as a result of her compensable injury by accident of October 15, 2001.
2. Defendants shall pay the costs of this appeal.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_______________ DIANNE C. SELLERS COMMISSIONER